

NEW JERSEY OFFICE                                                                                                         NEW YORK OFFICE
130 POMPTON AVENUE                                                                                              48 WALL STREET, 5TH FLOOR
VERONA, NJ 07044                                                                                                         NEW YORK, NY 10005
(973) 239-4300                                                                                                                    (646) 779-2746

LORRAINE@LGRLAWGROUP.COM
WWW.LGAULIRUFO.COM
FAX: (973) 239-4310

June 10, 2021

*Via Email and ECF*

Honorable Richard J. Sullivan
United States Circuit Judge
Southern District of New York
40 Foley Square
New York, NY 10007

                Re: *USA v. Burgess et al.*, (Tyshawn Burgess)
                     18 Cr. 373(RJS)

Dear Judge Sullivan:

      Mr. Burgess is scheduled to be sentenced by Your Honor on June 16, 2021. Pursuant to the Court's Order filed on March 1, 2021, Mr. Burgess notified the Court of his preference to have a remote sentencing instead of an in person sentencing, and executed a waiver of his physical presence, both of which were filed on ECF. Your Honor denied that request without prejudice for Mr. Burgess to file a supplemental submission explaining why a remote sentence would be in the interest of justice. Mr. Burgess continues in his request to have virtual sentencing and submits the following information to support his position that a remote sentencing is in the interest of justice. Mr. Burgess is currently detained at the Orange County Correctional Facility ("OCCF"), in Goshen, New York. Inmates at OCCF who are brought to courts in Manhattan are required to quarantine for ten days when they arrive back at the jail.[1] Mr. Burgess is familiar with and has firsthand knowledge of the quarantine protocol at OCCF, since he was quarantined for ten days when he was transferred to OCCF from Westchester County Jail on January 27, 2021. While quarantined, Mr. Burgess was kept by himself in a cell, in complete isolation, and only permitted out of his cell for one hour a day to shower. He could not make any telephone

---

[1]This information was confirmed by Officer Alvarado at OCCF *via* a telephone call on June 7, 2021, with staff from this office.

calls during this time – not even to his attorney, could not have any visitors, and could not go to recreation or religious activities. Mr. Burgess needs to have access to and communication with counsel following sentencing, particularly to discuss his appellate rights, which are time sensitive. If he is quarantined during this time frame, his right to counsel on this important matter would be jeopardized. Moreover, sentencing is the culmination of a criminal matter, and regardless of the outcome, it is an emotional event for defendants. Mr. Burgess will need and want the support of friends and family during this time, which he will be denied should he be quarantined.

For all the reasons set forth in this supplemental submission, Mr. Burgess respectfully requests that Your Honor order that his June 16, 2021, sentencing hearing proceed virtually. Your Honor's time and consideration for this request is greatly appreciated.

Respectfully submitted,
 s/
Lorraine Gauli-Rufo
Attorney for Tyshawn Burgess

cc:  All Counsel of Record

Defense counsel's request is granted. The CARES Act requires the assigned judge to make "specific" findings "that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice" before the Court may conduct a virtual sentencing. CARES ACT, PL 116-136, § 15002(b)(2)(A)(2020). Defendant's sentencing was originally scheduled for July 26, 2019. (Tr. of Change of Plea Hrg. Doc. No. 324 at 70-71. That sentencing has been delayed for nearly two years due to scheduling conflicts, an eventually-aborted *Fatico* hearing, and the COVID-19 pandemic. The Court finds that further delaying Defendant's sentencing in order to hold an in-person proceeding without forcing Defendant to quarantine upon his return to detention would seriously harm the interests of justice. Therefore, IT IS HEREBY ORDERED THAT Defendant's sentencing will instead take place remotely on Friday, June 25, 2021 at 10:30 a.m. In light of the flexibility required to plan remote proceedings during the ongoing COVID-19 pandemic, the Court will reserve (and the parties shall calendar) Monday, June 28, 2021 at 10:30 a.m. as an alternate date for the sentencing. The Court will email the parties directly with further information concerning the requested virtual proceeding. A separate order will be issued in due course containing the public line for this proceeding.

IT IS FURTHER ORDERED THAT defense counsel shall discuss the attached Waiver of Right to be Present at a Criminal Proceeding with Mr. Burgess prior to the sentencing. If Mr. Burgess consents, and is able to sign the form (either personally, or, in accordance with Standing Order M10-468, 20-mc-176 (CM) (S.D.N.Y. March 11, 2021), by defense counsel), defense counsel shall provide the Court with the executed form prior to the start of the proceeding.

SO ORDERED: _____
Dated: 6/14/2021    RICHARD J. SULLIVAN
                    U.S.C.J., Sitting by Designation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

                              -v-

TYSHAWN BURGESS,
                              Defendant.
-------------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT
AT CRIMINAL PROCEEDING**

18-CR-373 (RJS)

**Check Proceeding that Applies**

\_\_\_\_    Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law.  I have consulted with my attorney about those charges.  I have decided that I wish to enter a plea of guilty to certain charges.  I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do.  I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse.  I have discussed these issues with my attorney.  By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty.  By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met.  I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding.  I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:     _____          _____
                    Print Name                                                         Signature of Defendant

\_\_\_\_    Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I do not wish to wait until the end of this emergency to be sentenced.  I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence.  By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions.  I want my attorney to

be able to participate in the proceeding and to be able to speak on my behalf at the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date:     _____          _____
                  Print Name                                           Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form.  I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date:     _____          _____
                  Print Name                                           Signature of Defense Counsel

**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant.  The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it.  The interpreter's name is: _____.

Date:     _____
                  Signature of Defense Counsel

**Accepted:**     _____
                  Signature of Judge
                  Date:

2